IN THE U.S. DISTRICT COURT OF THE
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

CIVIL CASE # 0:16-cv-62795-BB

RACHEL LANDAU,

    Plaintiff,

v.

ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

    Defendants.

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, RoundPoint Mortgage Servicing Corp. ("RoundPoint"), by and through its undersigned counsel, moves to dismiss the Plaintiff's Complaint for failure to state a cause of action upon which relief can be granted. The grounds upon which this motion is based are as follows:

### Introduction

Plaintiff has pled two counts against RoundPoint. Count I attempts to assert a cause of action against RoundPoint for an alleged violation of 12 USC Section 2605(k), and Count II alleges that RoundPoint has violated 15 USC Section 1692(e)(5). The Complaint fails to state a cause of action against RoundPoint in either Count I or Count II upon which relief can be granted.

### Background Facts

1.    As noted in the Plaintiff's Complaint, RoundPoint is the servicer for Ms. Landau's mortgage. (Paragraph 12 of the Complaint). On February 3, 2016, Random Properties

1

Acquisition Corp III ("Random") was granted a Final Summary Judgment of Foreclosure (the "Judgment") on Ms. Landau's mortgage by the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Foreclosure Court"). Furthermore, in the body of the Judgment, the sale of Ms. Landau's home was Ordered by the Foreclosure Court in paragraph 7 thereof (sometimes hereinafter referred to as the "Order"). A true and correct copy of the Foreclosure Court's Judgment is attached as Exhibit "A." Plaintiff acknowledges the Foreclosure Court's entry of the Judgment and ordering the sale of her home in paragraph 27 of her Complaint.

2. Notwithstanding the foregoing, and in an effort to assist Ms. Landau to potentially remain in her home, RoundPoint, as servicer of her loan, reviewed Ms. Landau's application for a trial mortgage modification plan (the "Plan"), and notified her on September 1, 2016, that she was "approved to enter into a trial period plan for mortgage modification." (*See* RoundPoint letter to Ms. Landau dated September 1, 2016, a copy of which is attached to Plaintiff's Complaint and another copy of which is attached hereto as Exhibit "B."). Ms. Landau accepted the Plan per paragraph 35 of the Complaint.

3. Plaintiff acknowledges that there was an Order for the sale of her home pending and scheduled for October 5, 2016, at the time that she accepted the Plan. (Paragraph 36 of the Complaint)..

4. As referenced in the Plaintiff's Complaint, Random moved to cancel the October 5, 2016 foreclosure sale on September 22, 2016 by filing and serving its "Motion to Cancel October 5, 2016, Foreclosure Sale and Reschedule Foreclosure Sale" (the "Motion") a copy of which is attached to Plaintiff's Complaint and another copy of which is attached as Exhibit "C" hereto. Ms. Landau also filed her own motion to cancel the foreclosure sale as referenced in

paragraph 72 of the Complaint.

5. It is undisputed that the foreclosure sale did not occur, and was cancelled by the Foreclosure Court's Order of September 28, 2016. A copy of the Foreclosure Court's Order cancelling the sale is attached to the Plaintiff's Complaint and another copy of the same is attached as Exhibit "D" hereto.

## Legal Argument and Memorandum of Law

The Plaintiff's Complaint fails to state a cause of action in either Count I or Count II thereof.

## Standard of Review

1. A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim [that] will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See *Conley*, 355 U.S. at 47, 78 S.Ct. 99, (citing Fed.R.Civ.P. 8(a)(2)).

2. In deciding a motion to dismiss, the court may only examine the four corners of the complaint. See *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D.Fla.1995). "Any exhibit attached to [the] complaint 'becomes a part thereof for all purposes.' Accordingly [the] court may utilize [attached exhibits] in considering a motion to dismiss." *DiDomenico v. New York Life Ins. Co.*, 837 F.Supp. 1203, 1205 (M.D.Fla.1993) (citing Fed.R.Civ.P. 10(c)).

3. In addition, a court must accept the plaintiff's well-pled facts as true and construe

the complaint in the light most favorable to the plaintiff. See *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991).

### Count I – Alleged Violation of 12 USC Section 2605(k)

4. Plaintiff alleges that RoundPoint violated 12 USC Section 2605(k) by allegedly violating 12 CFR Section 1024.41(g).

5. However, by Plaintiff's own admission in her Complaint, RoundPoint did not violate 12 CFR Section 1024.41(g), which provides in pertinent part as follows:

> (g) Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application . . . a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

6.. There was already an order for the sale of the Plaintiff's home in the Foreclosure Judgment. (Pararagraph no. 7 of the Foreclosure Judgment). As such, at no time after Ms. Landau accepted the Plan did RoundPoint take any steps to "move for foreclosure judgment or sale, or conduct a foreclosure sale" as prohibited by 12 CFR Section 1024.41(g).[1]

---

[1] Plaintiff imputes the actions of Random to RoundPoint in the Complaint by innuendo. Plaintiff identifies RoundPoint as the servicer of the mortgage loan in question (in paragraph 12), and thereafter imputes all actions taken by Random in the Foreclosure Court to RoundPoint. RoundPoint contends that Plaintiff has failed to plead sufficient allegations of fact to make such a causal link. However, RoundPoint responds in this motion to dismiss

4

7.      To the contrary, Random merely moved to cancel and reschedule the sale which had already been ordered by the Foreclosure Court in the Judgment. *Again, this was not a new request for an order for the sale of the home as the sale of the home had already been ordered in the Judgment.*

8.      Pursuant to the terms of the Plan, Ms. Landau's first payment was not due under the same until October 1, 2016, and Random's Motion was served on September 22, 2016. The Foreclosure Court cancelled the sale on September 28, 2016. Thus Random (and RoundPoint as servicer) took adequate steps to prevent the sale of Ms. Landau's home from proceeding and did not seek either a foreclosure judgment or order of sale, nor did it conduct a foreclosure sale, as prohibited by 12 CFR Section 1024.41(g). Again, the order for sale existed in the original Foreclosure Judgment which still remains.

9.      Under any trial modification like the Plan in which Ms. Landau is participating in, it is always a possibility that the borrower might fail to complete the terms of the same at any time. RoundPoint respectfully contends that having a foreclosure sale date pending in the future during the course of a trial loan modification would not be and is not a violation of 12 CFR Section 1024.41(g). As previously noted, the Order of sale, which had been received by Random months earlier as part of the Judgment (in paragraph 7 thereof), was already in the possession of Random at the time that the Motion was filed and served. Defendant contends that Random could have rescheduled the sale multiple times during the course of the Plan and still not be in violation of 12 CFR Section 1024.41(g), as the sale had already been ordered as of the date of the entry of the Judgment by the Foreclosure Court on February 3, 2016. Rescheduling the sale merely allows Random/ RoundPoint to be prepared to move forward on short notice if the

---

based upon the facts presented in the four corners of the Complaint, as the allegations in Count I and Count II, based upon the actions of Random in the underlying foreclosure, are clearly imputed to be the actions of RoundPoint by Plaintiff.

borrower fails to complete the trial modification, and prevents delay and added expense.

10. Under the facts presented, only proceeding forward with having the sale would be a violation of the regulation. Again, the regulation to which Ms. Landau cites -- 12 CFR Section 1024.41(g) – and which she claims RoundPoint violated – only prevents RoundPoint from seeking a foreclosure judgment (which Random already had as of February 3, 2016), an order of sale (which Random had as of February 3, 2016), or from proceeding forward with the actual foreclosure sale. *None of these things occurred as a part of Random filing the Motion.* As a result, Plaintiff pleads no facts by which she can assert a cause of action for RoundPoint's alleged violation of 12 CFR Section 1024.41(g).

11. Moreover, RoundPoint contends that unless it (1) sought a new foreclosure judgment, (2) actually participated in the sale of the home, or (3) sought a new order of sale (which it did not need as the same already existed in the Judgment), it did not and could not have violated 12 CFR Section 1024.41(g). Merely rescheduling a previous sale date which had already been ordered is not a violation of 12 CFR Section 1024.41(g) by a plain reading of the wording of the same.

12. Plaintiff cites no cases in her Complaint which mirror her interpretation of 12 CFR Section 1024(g). Counsel for RoundPoint has similarly not located any cases which so narrowly construe 12 CFR Section 1024(g) in a way in which the Motion could be deemed to be a violation of this regulation.

13. Because Plaintiff pleads no facts in her Complaint that could in any way be deemed to show that RoundPoint violated the express and unambiguous provisions of 12 CFR Section 1024.41(g) or 12 USC Section 2605(k)(1)(E) (and thus RoundPoint's actions could not be an "error" under 12 CFR Section 1024.35), Count I of the Complaint fails to state a cause of

action upon which relief can be granted.

## Count II – Alleged Violation of FDCPA

14. In Count II of the Complaint, Plaintiff alleges that RoundPoint violated 15 USC Section 1692(e)(2)(A) and (5) by "failing to inform the foreclosure court of the true status of the loss mitigation process."

15. In the Motion, in paragraph 3, Random stated as follows: "The Plaintiff moves the Court to cancel the foreclosure sale scheduled for October 5, 2016, *as the Borrower is in active loss mitigation.*" (Emphasis added.)

16. Plaintiff incorrectly contends that this was inadequate, and again returns to her mistaken allegations that RoundPoint violated 12 CFR Section 1024.41(g) by seeking to reschedule the sale date in the Motion.[2]

17. RoundPoint reincorporates the arguments made in paragraphs 4 – 13 of its Legal Arguments and Memorandum of Law above, in support of its arguments that RoundPoint has not violated the express provisions of 12 CFR Section 1024(g) – and that the Plaintiff has failed to plead facts which would state a cause of action for the violation of the same -- as though set forth in detail herein.

18. Furthermore, RoundPoint points out that 12 CFR Section 1024.41 is entitled "Loss Mitigation Procedures."

19. Plaintiff has asserted no authority that the alleged failure to state specifically that Plaintiff was in a "trial loan modification" rather than that she was in "active loss mitigation" – which language mirrors the title of 12 CFR Section 1024.41(g) – is in any way a violation of the FDCPA.

20. To the contrary, Plaintiff has pled no facts which state a cause of action for

---

[2] As set forth in footnote 1, the Plaintiff in Foreclosure Court was and is Random, not RoundPoint.

RoundPoint having allegedly violated 15 USC Section 1692(e)(2)(A) and (5).

21.     For these reasons, Plaintiff has failed to state a cause of action against RoundPoint in Count II of the Complaint.

WHEREFORE, for the reasons set forth herein, Defendant, RoundPoint, respectfully requests the Court to enter an Order dismissing both Counts I and II of the Complaint against it and for such additional and/or alternative relief as the Court shall deem just and proper.

THE CHARTWELL LAW OFFICES, LLP.

H. Keith Thomerson, Esquire
Florida Bar No. 893706
822 A1A North, Suite 304
Ponte Vedra Beach, Florida 32082
Primary: kthomerson@chartwelllaw.com
Secondary: jaxservice@chartwelllaw.com
Telephone: (904) 373-0239
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2017, a true a correct copy of the foregoing document was served upon the following parties, via the CM/ECF System, or as otherwise described below:

Matthew D. Bavaro
377 N. SR 7, #201
Plantation, FL 33317
mbavaro@pitrialgroup.com
Counsel for Plaintiff

Michael A. Citron
2150 S. Andrews Avenue
Second Floor
Fort Lauderdale, FL 33316
Michael@fight13.com
Counsel for Plaintiff

H. Keith Thomerson