UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62795-BLOOM/Valle

RACHEL LANDAU,

      Plaintiff,

v.

ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

      Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant RoundPoint Mortgage Servicing Corporation's ("Defendant" or "RoundPoint") Motion to Dismiss, ECF No. [18] (the "Motion"), seeking dismissal of Plaintiff Rachel Landau's ("Plaintiff") Complaint, ECF No. [1] (the "Complaint"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted and this matter is dismissed with prejudice.

**I.    Background**

Plaintiff filed this action seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024, *et seq.* ("Regulation X"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). *See* Complaint ¶¶ 1-4. Specifically, Plaintiff seeks remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.41(g) of Regulation X, and based upon that failure, for the violation of the FDCPA, 15 U.S.C. § 1692(e). *See id.* ¶¶ 37, 62.

Plaintiff's claim begins with a foreclosure action filed against her in Broward County, by Random Properties Acquisition Corporation ("Random"), on June 23, 2014. *Id*. ¶ 21. Despite attempting to engage in loss mitigation negotiations with Random, a final summary judgment of foreclosure ("Foreclosure Judgment") was entered in favor of Random on February 3, 2016. *Id*. ¶¶ 24-26. The foreclosure sale was set for October 5, 2016. *Id*. ¶¶ 27, 36. Following the entry of the Foreclosure Judgment, Plaintiff's loan was transferred to RoundPoint for servicing. *Id*. ¶ 29. On September 6, 2016, Plaintiff received a trial period plan offer, setting forth a schedule of payments, which Plaintiff accepted. *Id*. ¶¶ 30, 35. On September 22, 2016, Random filed a Motion to Cancel the October 5, 2016 Foreclosure Sale and Reschedule Foreclosure Sale, ECF No. [1-4] ("Motion to Cancel Sale"), in the underlying foreclosure proceeding.[1] *See id.* ¶ 41. In the Motion to Cancel Sale, Random requested that the foreclosure sale be rescheduled because "the Borrower [Plaintiff] is in active loss mitigation." Motion to Cancel Sale at 2; *see also* Complaint ¶ 42. As a result, Plaintiff contends that she was forced to file her own motion to cancel the sale—which she did on September 26, 2016—specifically requesting that the sale not be reset. Complaint ¶ 45; *see also* ECF No. [1-5] ("Plaintiff's Motion to Cancel Sale"). Following a hearing, the Broward County court granted Plaintiff's Motion to Cancel Sale. *See* ECF No. [1-6]; Complaint ¶ 49. Thereafter, Plaintiff sent a Notice of Error ("NOE") to RoundPoint regarding the alleged violation of Regulation X, receipt of which RoundPoint acknowledged. *See* ECF Nos. [1-7], [1-8].

---

[1] Plaintiff asserts that the Motion to Cancel Sale was filed by "Defendant's foreclosure counsel." Complaint ¶ 41. However, in the Motion, RoundPoint points out that although it was the servicer for Plaintiff's loan, the Foreclosure Judgment was obtained, and the Motion to Cancel Sale was filed, in the underlying foreclosure proceeding by Random. Motion at 4 n.1. Plaintiff has not responded in substance to this key observation and the Complaint is silent as to the relationship between Random and RoundPoint.

Plaintiff asserts two counts against Defendant. In Count I, Plaintiff alleges that Defendant violated RESPA § 2605(k) through its violation of Regulation X, 12 C.F.R. § 1024.41(g), by requesting that the Broward County court reschedule the foreclosure sale and by failing to take reasonable steps to avoid a ruling on the order of sale because the Motion to Cancel Sale did not mention Plaintiff's modification plan. *See* Complaint ¶¶ 67-71. In Count II, Plaintiff alleges that Defendant's violation of RESPA and Regulation X also constitutes a violation of the FDCPA, in that Defendant failed to inform the foreclosure court of the "true status of the loss mitigation process." *Id*. ¶¶ 83-84. Defendant seeks to dismiss Plaintiff's Complaint for failure to state a cause of action. *See generally* Motion.

**II.     Legal Standard**

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.  Discussion

RoundPoint moves to dismiss the Complaint on the ground that the order of sale was obtained by Random in the underlying Foreclosure Judgment months prior to Plaintiff's participation in the trial modification. As such, the request to cancel and reschedule the sale was not a violation of RESPA or Regulation X, because there was a possibility that Plaintiff might

fail to complete the terms of the mitigation plan.  Motion at 5-6.  Furthermore, Defendant argues that because it did not violate RESPA or Regulation X, Plaintiff's FDCPA claim fails.  Further, and in any event, the Motion to Cancel Sale adequately informed the foreclosure court that the borrower was in active loss mitigation.  *Id*. at 7.  As the FDCPA claim depends upon Defendant's alleged violation of RESPA and Regulation X, the Court considers Defendant's argument with respect to Count I first.

**Count I – Violation of 12 C.F.R. § 1024.41(g)**

Both parties have relied upon the documents attached to the Complaint, and the Court finds the documents central to Plaintiff's claim.  Accordingly, the Court will review the attachments as appropriate in adjudicating the Motion.  *See Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.*, 433 F.3d at 1340; *Horsley*, 304 F.3d at 1135.  Plaintiff claims that Defendant violated RESPA § 2605(k) through its violation of Regulation X.  *See* Complaint ¶ 37.  Section 2605 of RESPA governs the "servicing of mortgage loans and administration of escrow accounts," and implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection [("Bureau")], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."  *See* 12 U.S.C. § 2605(k)(1)(E).  Section 1024.41of Regulation X, under the title "Prohibition on foreclosure sale," provides that

> If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale . . . .

12 C.F.R. § 1024.41(g).

It is undisputed that the Foreclosure Judgment and concomitant order of sale were entered in February of 2016, seven months before Plaintiff accepted the trial modification plan

5

from RoundPoint. It is also undisputed that Random filed a motion to cancel the sale, that the foreclosure sale did not occur, and was not rescheduled. So, the question before the Court is, do RESPA and Regulation X prohibit a request that a foreclosure sale be rescheduled while a borrower is engaged in a modification plan, when the final foreclosure judgment and order of sale was entered prior to the commencement of the trial modification plan? The Court finds that they do not.

The Court turns to the plain language of Regulation X in order to determine whether Plaintiff can state a claim. "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *U.S. v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006) (internal quotations omitted). "This is so because '[t]he plain language is presumed to express congressional intent and will control a court's interpretation.'" *Moss v. GreenTree-Al, LLC*, 378 B.R. 655, 658 (S.D. Ala. 2007) (quoting *U.S. v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002) (alternations in the original). "A court 'should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result.'" *Id.* (quoting *Silva*, 443 F.3d at 798). This analysis applies to review of Regulation X, as "'[r]egulations, like statutes, are interpreted according to the cannons of construction.'" *O'Shannessy v. Doll*, 566 F. Supp. 2d 486, 491 (E.D. Va. 2008) (quoting *Black & Decker Corp. v. Comm'r*, 986 F.2d 60, 65 (4th Cir. 1993)).

Section 1024.41(g) of Regulation X provides only that "a servicer shall not move for foreclosure judgment or order of sale or conduct a foreclosure sale." 12 C.F.R. § 1024.41(g). The section is silent as to whether this includes the request to reschedule a sale when a foreclosure judgment or order of sale has already been obtained. Plaintiff relies upon the Official

Bureau Interpretations clarification of the language of the final rule implementation of section 1024.41(g) and two cases, *Fox v. Manely, Deas, & Kochalski, LLC*, 2016 WL 6092638, at *2 (N.D. Ill. Oct. 19, 2016) and *Ramos v. Wells Fargo Bank, N.A.*, 2016 WL 233142, at *7 (S.D. Fla. Jan. 13, 2016), in support of her position that seeking to reschedule a foreclosure sale for a future date constitutes a violation of Regulation X.  However, Regulation X and the commentary speak only about filing a dispositive motion that may result in a judgment of foreclosure or an order of sale, and moving for a foreclosure judgment or order of sale—neither of which RoundPoint did in this case, as the Foreclosure Judgment was obtained months earlier by Random.  *See* ECF No. [22] at 4-5.  In fact, the Bureau comments specifically reference the propriety of suspending a sale during a trial modification plan: "Further, the Bureau stated that it is appropriate to suspend a foreclosure sale when a borrower is performing under an agreement on a loss mitigation option. [. . .]  Additionally, it is already standard industry practice for a servicer to suspend a foreclosure sale during any period where a borrower is making payments pursuant to the terms of a trial loan modification."  Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10,696 (Feb. 14, 2013).  Here, Plaintiff's trial modification plan had barely begun when Random filed its Motion to Cancel Sale.  Plaintiff makes much of the fact that Regulation X refers in the disjunctive to "foreclosure judgment or order of sale," and that because the Foreclosure Judgment, ECF No. [18-1], contemplated a sale only on June 2, 2016, additional motions were required for the eventual October 5, 2016 sale date to be set, which clearly violated RESPA and Regulation X.  However, the commentary Plaintiff relies upon does not support such a reading, and Plaintiff points to no authority to support the proposition that the prohibition in section 1042.41(g) applies after the

entry of a foreclosure judgment, or that a request to reschedule a sale constitutes an order of sale covered by the provisions of that section.

Furthermore, the cases cited by Plaintiff are inapposite to the case at bar. In *Fox*, despite the borrower's completing the trial period plan, she did not receive a permanent loan modification, and the loan servicer did not seek to cancel the sale, but instead published notice of the scheduled foreclosure, and in fact actively sought to reschedule the sale after the borrower took unilateral action to prevent the already scheduled sale from going forward. *Fox*, 2016 WL 6092638, at *2. Here, Plaintiff alleges that she had just accepted the trial modification plan when Random filed the Motion to Cancel Sale. Notably, Plaintiff does not contend that either Random or RoundPoint have sought to reschedule the sale following the Broward County court's granting Plaintiff's Motion to Cancel Sale. And while Plaintiff appears to believe that she was forced to file her own motion to prevent the October 5, 2016 from moving forward, her belief is belied by the record in this case. According to the allegations in the Complaint, Random duly filed its Motion to Cancel Sale a little more than a week after Plaintiff obtained clarification of the terms of the trial modification plan and accepted it. *See* Complaint ¶¶ 33, 41; *see also* Motion to Cancel Sale. Moreover, in *Ramos*, the claimed violation of Regulation X hinged upon the timing of the plaintiff's submission of the complete loss mitigation application, which is not involved in the case at bar. *Ramos*, 2016 WL 233142, at *7. Therefore, these cases do not bolster Plaintiff's position.

The Court recognizes that "RESPA is a consumer protection statute that regulates the real estate settlement process," and that as a "remedial consumer-protection statute . . . RESPA is to be 'construed liberally in order to best serve Congress' intent.'" *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) (citing 12 U.S.C. § 2601(a)); *Rawlings v. Dovenmuehle*

*Mortg., Inc.*, 64 F. Supp. 2d 1156, 1165 (M.D. Ala. 1999) (quoting *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998)). However, as the Court finds that the plain language of the regulation is dispositive, it need not delve into Congress's intent. *See Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 (11th Cir. 1989), *certified question answered*, 559 So. 2d 1128 (Fla. 1990) ("Thus, the cardinal rule of statutory construction is that '[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'") (quoting *Streeter v. Sullivan*, 509 So. 2d 268, 271 (Fla. 1987) (quoting *A.R. Douglass, Inc. v. McRainey*, 102 Fla. 1141, 137 So. 157, 159 (1931))).

Although RESPA is a remedial statute, the Court need not construe it (or its implementing regulation) so liberally as to create a cause of action where none exists. RoundPoint did not move for foreclosure judgment or order of sale, or conduct a foreclosure sale in violation of Regulation X. Plaintiff's unsupported argument that the mere request, by Random, to reschedule the sale violates section 1024.41(g) is an argument based entirely in semantics that the Court finds unpersuasive.[2] Therefore, Count I of the Complaint is dismissed; and because Plaintiff's FDCPA claim is premised upon the alleged violation in Count I, it must also fail. As Plaintiff is represented by counsel and has not requested leave to amend, the claims are dismissed with prejudice. *Meeks v. Ocwen Loan Servicing, LLC*, --- F. App'x ----, 2017 WL 782285, at *3 n.4 (11th Cir. Mar. 1, 2017) (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to

---

[2] Furthermore, as RoundPoint indicates in the Motion, the Complaint is entirely devoid of any allegations with respect to the relationship between RoundPoint and Random, or how the actions of Random in the underlying foreclosure may be attributed to RoundPoint.

amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.")).

### IV.   Conclusion

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [18],** is **GRANTED.**  The Complaint is **DISMISSED WITH PREJUDICE.**  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of March, 2017.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record